RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

APR 2 1 2025

DANIEL J. McCOY, CLERK
BY:

(Rev. 12/15/2023)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
__________ DIVISION

Roy VanNorTrick
Plaintiff

Prisoner # 708819

VS.

Michele DauzaT
Defendant

Civil Action No. 5:25-cv-0535 SEC. P

Judge __________

Magistrate Judge __________

**COMPLAINT**
**PRISONER CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

## I. Previous Lawsuits

a. Have you begun any other lawsuit while incarcerated or detained in any facility?

Yes ✓ No ____

b. If your answer to the preceding question is "Yes," provide the following information.

1. State the court(s) where each lawsuit was filed (if federal, identify the District, if state court, identify the County or Parish):

   2nd Judicial DisTricT CourT
   Claiborne Parish

2. Name the parties to the previous lawsuit(s):

   Plaintiffs: Roy VanNorTrick 708819

   Defendants: M.S. Hamilton, D.O.C. of Louisiana, D.W.C.C.

3. Docket number(s): 43378

4. Date(s) on which each lawsuit was filed: 09/19/2024

5. Disposition and date thereof [For example, was the case dismissed and when? Was it appealed and by whom (plaintiff or defendant)? Is the case still pending?]:

   STill Pending

*(Rev. 12/15/2023)*

c. Have you filed any lawsuit or appeal in any federal district court or appeals court which has been dismissed?

Yes ✓ No ____

If your answer to the preceding question is "Yes," state the court(s) which dismissed the case, the civil action number(s), and the reason for dismissal (e.g., frivolity, malice, failure to state a claim, defendants immune from relief sought, etc.).

Louisiana Court of Appeals Fifth Circuit
Dismissed, Not Timely

**II. a. Name of institution and address of current place of confinement:**

David Wade Correctional Center 670 Bell Hill Rd, Homer, LA. 71040

b. Is there a prison grievance procedure in this institution?

Yes ✓ No ____

1. Did you file an administrative grievance based upon the same facts which form the basis of this lawsuit?

   Yes ✓ No ____

2. If you did not file an administrative grievance, explain why you have not done so.

   ____

   ____

3. If you filed an administrative grievance, answer the following question. What specific steps of the prison procedure did you take and what was the result? (For example, for state prisoners in the custody of the Department of Public Safety and Corrections: did you appeal any adverse decision through to Step 3 of the administrative grievance procedure by appealing to the Secretary of the Louisiana Department of Public Safety and Corrections? For federal prisoners: did you appeal any adverse decision from the warden to the Regional Director for the Federal Bureau of Prisons, or did you make a claim under the Federal Tort Claims Act?)

   Went Through all Steps, Last Two denied, and Third Step Just agreed with Institution

   Attach a copy of each prison response and/or decision rendered in the administrative proceeding.

**III. Parties to Current Lawsuit:**

a. Plaintiff, Roy Van NorTrick 708819

Address D.W.C.C. 670 Bell Hill Rd, Homer, LA. 71040

(Rev. 12/15/2023)

b. Defendant, Michele Dauzat, is employed as Head Warden at David Wade Correctional Center

Defendant, Doctor Linda Bunch, is employed as D.O.C. Doctor at Department Public Safty and Corrections

Defendant, Medical Administrator, is employed as ______ at D.O.C.

Additional defendants, State of Louisiana Through Department of Public Safety and Corrections

**IV. Statement of Claim**

State the **FACTS** of your case. Specifically describe the involvement and actions of each named defendant. Include the names of all persons involved in the incident(s) or condition(s) giving rise to this lawsuit, and the dates upon which and the places where the incident(s) and/or condition(s) occurred. **YOU ARE REQUIRED TO SET FORTH ONLY FACTUAL ALLEGATIONS. YOU ARE NOT REQUIRED TO SET FORTH LEGAL THEORIES OR ARGUMENTS. IF EXTRA PAGES ARE REQUIRED TO STATE THE FACTS OF YOUR CASE, YOU ARE LIMITED TO FIVE TYPEWRITTEN OR TEN LEGIBLE HANDWRITTEN PAGES PURSUANT TO LOCAL CIVIL RULE 3.2**

Deliberate Indifference, Mental Anguish, and Violation VIII Amendment United States Constitution:

Know had a Serious bad Infection, made To walk all The time To point of Thorcher, Nurse Packed Wound wrong and Increased Swelling and Pain (Nurse Hamilton). Doctors at Ochner LSU Shreveport Hospital stated "If sent much sooner we could have saved your Leg." Still have Pain in Hips and Back all Day and Night. David Wade Correctional center is Third place Tried To Kill me and now in fear for my life because of This

*(Rev. 12/15/2023)*

## V. Relief

State exactly what you want the court to provide to you or do for you. Make no legal arguments. Cite no cases or statutes.

Leaving This up To The Judge over This Case because other Case against The STaTe of Louisiana I was messed over and given Less Than should have gotten.

## VI. Plaintiff's Declaration

a. I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed.

b. I understand that I may not proceed without prepayment of costs if I have filed three lawsuits and/or appeals that were dismissed on grounds that the action and/or appeal was frivolous or malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

c. If I am located in a prison participating in the Electronic Filing Pilot Program, I consent to receive orders, notices and judgments by Notice of Electronic Filing.

**Signed this** 04 **day of** 11 **, 20** 25 .

708819
**Prisoner no. (Louisiana Department of Corrections or Federal Bureau of Prisons)**

Roy Van Norbrich
**Signature of Plaintiff**

Now into Court comes Plaintiff, Roy VanNortrick (Pro-se) who respectfully represents That he hast sustained compensable damages from his shackles Too Tight on a Trip causing injury and Then being denied Medical Treatment, access To a Medical Doctor and Treatment prescribed by a Medical Doctor and/or by The acts and omissions of Defendant(s) herein, or for which Defendant(s) is legally responsible, as follows:

## Venue

Venue is proper in This Jurisdiction under La. R.S. 15:1184 (F) in That David Wade Correctional Center DWCC is located in This District and Roy VanNortrick was housed at DWCC at The Time of The incident and Amputation of his Left Lower Leg and Foot.



## EXHAUSTION

A requirement of exhaustion of Administrative Procedures are not necessary To bring Tort Claims

and Unconstitutional. This claim is a Tort claim. Pope v. State, 792 So. 2d 713 (La. 2001). To the extent any Administrative Remedy may be required, The incident began on October 02, 2023, with a Transport drive followed by an ARP for The injuries and Denial of Medical for which 2nd step was completed on June 17, 2024 Through DWCC-2024-0028

(3)

## PARTIES

PLAINTIFF:

Roy Van NorTrick, DOC # 708819, a major of full legal capacity, and who during all material Times herein was a Department of Public Safety and Corrections inmate housed at The DWCC.

DEFENDANTS:

1) Doctor Linda Bunch, a resident of The full age of majority domiciled in The State of Louisiana, and working at David Wade Correctional Center and who was acting Under

color of STATE Law when she did not see Ankle nor send To a Emergency Room for TreaTmenT, causing amputation and who is sued in her individual capacity and who is amendable To personal Service Through Rhonda Weldon, DeparTmenT of Public SafeTy and CorrecTions, 504 Mayflower STreeT, BaTon Rouge, Louisiana 70802.

2) Master sergenT Louis HamilTon, a residenT of The full age of majoriTy domiciled in The Parish of Claiborne, STaTe of Louisiana, and working aT David Wade CorrecTional CenTer and who was acTing under color of STaTe Law when he applied The shackles Too TighTly To The Ankles impeding circulaTion causing injury and who is sued in his individual capaciTy and who is amendable To personal Service Through Rhonda Weldon DeparTmenT of Public SafeTy and CorrecTions, 504 Mayflower STreeT, BaTon Rouge, Louisiana 70802.

3) Unknown Medical AdminisTraTor, a residenT of The full age of majoriTy domiciled in The Parish of Claiborne, STaTe of Louisiana, and working aT David Wade CorrecTional CenTer and who was acTing under color of STaTe Law when The Medical AdminisTraTor failed/refused To provide

appropriate Medical Treatment To a serious Medical Condition and who is sued in his/her individual capacity and who is amendable To personal service Through Rhonda Weldon, 504 Mayflower Street, Baton Rouge, Louisiana 70802.

4) State of Louisiana Through The Department of Public Safety and Corrections (DOC), pursuant To La. R.S. 36:401 a statutority created and established body corporate having The power To sue and be sued, The domicile of which is The Parish of East Baton Rouge in The State of Louisiana, which is The govering authority over David Wade Correctional Center (DWCC) amendable To service of process Through Department of Public Safety and Corrections, Secretary James LeBlanc, 504 Mayflower Street, Baton Rouge, Louisiana 70802 and The Attorney General and Department of Risk Management Through The office of The Governor Through The Honorable Jeff Landry, State of Louisiana, State Capitol, 22nd Floor, Baton Rouge, Louisiana 70809, who is sued for Vicarious liability for its Employees.

(5)

On October 02, 2023, Roy Van Hortrick was a DOC

(37)

Roy VanNorTrick is now Disabled and uses a Wheel chair.

(38)

Roy VanNorTrick fears he will lose even more of his Leg.

(39)

On December 18, 2023, Taking a shower he fell right on The LefT Leg where iT had been cuT so hard ThaT iT Took his BreaTh away.

(40)

Roy VanNorTrick had now been fiTTed wiTh a ProsThesis.

(41)

Nurse Michele (Norris) Williams is consTanTly ThreaTening To Take his Wheel Chair an assisTed walking device, which he requires To geT To and from The BaThroom.

(42)

Louisiana AdminisTraTive Code TiTle 22 parT III, § 2909, enTiTled Medical and HealTh Care provides as follows:

Emergency Care were in place To protect The Inmate and created a duty of Care.

(50)

This Denial of Medical Treatment Caused Serious Injury and Suffering and Permanent Loss of Limb with Disability.

(51)

The following Claims for Relief are pled collectively and in The alternative.

(52)

FIRST CLAIM FOR RELIEF

DELIBERATE INDIFFERENCE

The failure To provide Medical Treatment and follow The Treating orders described above was caused solely by The Negligence of Defendant(s) in The following nonexclusive particulars, including but not limited To:

a. Medical ignorance where The Inmate was a Diabetic Patient, The Health care providers Knew and should have Known That a Festering Sore on an Extremity could Cause Gangrene if not properly Treated;

b. Medical Ignorance in Failing To recognize SympToms of serious InfecTion including Redness, Swelling, HeaT, and Green ExudaTe were signs of Serious InfecTion;

c. DocTor Linda Bunch never Came To see The Wound, Head Nurse Michele (Norris) Williams would be The one To seT AppoinTmenT and probably did noT and boTh Knew his HealTh CondiTion;

d. Making Medical Decision noT To send InmaTe To a HospiTal based on Finances raTher Than Medical need;

e. Ignorance and/or Failure To follow The Rules and RegulaTions in place To ProTecT The HealTh and SafeTy of an InmaTe;

f. Blocking and Denying an InmaTe access To Medical Care;

g. Failure To obTain any culTures and SensiTiviTies prior To TreaTing;

h. Failure To provide proper Wound cleaning and Survellance;

i. Failure To provide any Safety and Sanitary precautions; and

j. InattenTive and Recklessness while Housing and providing Medical Treatment To an Inmate.

(53)

SECON CLAIM FOR RELIEF
RESPONDEAT SUPERIOR UNDER NEGLIGENCE

To The extent The Warden and The Doctor is/are deemed To be an Employer or Direct Supervisor of Medical, an Employer is Liable pursuant To Respondeat superior for The TorTious acts committed against Third parties by its Employees during The course and scope of Employment and while under its control, direction and supervision pursuant To La. C.C. arts. 2317 and 2320.

(54)

THIRD CLAIM FOR RELIEF
VIOLATION OF VIII AMENDMENT RIGHT

A major case of Cruel and Unusual Punishment, made To walk on Leg and Foot all The way Till finally Taken To LSU-S, and begining with The

applying of Shackles.

(55)

## DAMAGES

Plaintiff, itemizes his Damages including but not limited to the following:

a. Bodily injuries, pain and suffering - Past, Present, and Future;

b. Mental Anguish and Distress - Past, Present, and Future;

c. Medical and Pharmaceutical expenses - Past, Present, and Future;

d. Apprehension of insufficient Medical attention to Injury;

e. Permanent impairment and Disability;

f. Lost wages - Future

g. Fear and Fright; Embarassment, Humiliation, and Aggravation;

h. Loss of ability to participate in normal activities; and

i. Continual pain and suffering in an amount proper in the premise.

Wherefore Plaintiff prays that Defendant(s) be cited to appear and answer; that Plaintiff be properly noticed of all Hearings, Proceedings, orders, Judgements and Dates; and that, after due proceedings herein, the Defendant(s) be cast in judgment unto Plaintiff for Damages, cost, Interest from date of demand.

Respectfully

Roy VanNortrick

Roy VanNorTrick # 708819
David Wade Correctional Center
670 Bell Hill Rd
Homer, Louisiana 71040